FLORENCE BOYD O'DAY, Plaintiff, v. JAMES A. O'DAY, Defendant.

Supreme Court, New York County, November 12, 1925.

**Husband and wife — motion by defendant in action for separation to vacate and annul alimony provisions therein on ground that decree of divorce against plaintiff had been granted by Pennsylvania court — defendant obtained decree of divorce in Pennsylvania by perpetration of fraud — conduct of defendant precludes relief.**

The defendant herein, against whom a judgment for separation was granted by the Supreme Court after a trial on the merits, is not entitled to have vacated and annulled the alimony provisions therein, on the ground that a Pennsylvania court has entered a decree of divorce against the plaintiff, his wife, where the plaintiff herein never authorized any attorney to appear for her in the action commenced by the defendant in Pennsylvania, and where it is evident from the judgment roll in the separation action that a fraud was perpetrated on the Pennsylvania court.

Moreover, the conduct of the defendant in attempting to evade the effect of a judgment of the New York court, rendered after a trial on the merits, precludes granting him relief.

MOTION by defendant in action for separation to vacate and annul alimony provisions of judgment on ground that Pennsylvania decree of divorce against plaintiff has been entered.

*Woodward, Dennis & Buhler* [*Joseph S. Buhler* of counsel], for the plaintiff.

*Heimann & Rubien* [*Louis Salant* and *Sydney M. Heimann* of counsel], for the defendant.

PROSKAUER, J. The plaintiff herein, after trial before me at Special Term, was granted a separation from the defendant. After the commencement of this action defendant instituted a suit for divorce against the plaintiff in one of the rural districts of Pennsylvania. She received no notice of the commencement of the action, but did receive by mail a notice that a master would on a certain day file a report. The Pennsylvania court has entered a decree of divorce against her and on the basis of that decree the defendant moves to vacate and annul the alimony provisions of the New York judgment. The only fact on which the defendant relies to show an appearance by this plaintiff in the Pennsylvania court is that an attorney of that court handed the master a certified copy of the New York judgment. This attorney in his affidavit categorically states that he was never retained to appear for the plaintiff herein in Pennsylvania and that he handed the affidavit to the master in pursuance of what he regarded as his duty as a reputable member

of the bar to prevent the perpetration of a fraud upon the Pennsylvania court. In this he is corroborated by the master, and the attorney for the defendant herein in the Pennsylvania court files only a somewhat evasive affidavit that this lawyer stated to him " that he had been retained by the New York interests to represent Mrs. O'Day in the matter." It is exceedingly doubtful whether the filing of the certified copy of the New York judgment would in any event, even if authorized, constitute an appearance.

In the case relied on by the present defendant (*Metal Shelter Co. v. Fosdick*, 172 N. Y. Supp. 273; affd., 188 App. Div. 882), HOTCHKISS, J., writes: " Assuming Culver's authority, Fosdick opposed plaintiff's motion for an injunction, not upon any jurisdictional ground, but upon the merits, and should, therefore, be deemed to have submitted to the jurisdiction."

The most that could be said in the case at bar is that the filing of the New York judgment, even if authorized, went to the jurisdiction of the court because of the non-residence of the parties in Pennsylvania and not to the merits. The authority cited is thus clearly distinguishable. But entirely apart from this, it is perfectly clear that this plaintiff never authorized any attorney to appear for her in such a suit, brought under such conditions, and it is equally clear to me as a fact that the attorney never did so appear. From the judgment roll of the action tried before me I am satisfied that a fraud was perpetrated on the Pennsylvania court. The conduct of this defendant in attempting to evade the effect of a judgment of this court rendered after a trial on the merits, should have no assistance from this court.

Motion denied, with ten dollars costs. Order signed.